U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 2 5 2001

CLERK, U.S. DISTRICT COURT

By _____
            Deputy

ORIGINAL

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

—————————————————————————x
                                                    :
NEC CORP.,                                          :
                                                    :
                              Plaintiff,            :     3-01CV1914-R
                                                    :     Civil Action No. _____
                                                    :
              v.                                    :
                                                    :     Jury Trial Demanded
MOTOROLA, INC.,                                     :
                                                    :
                              Defendant.            :
                                                    :
—————————————————————————x

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NEC Corporation (hereinafter, "NEC") brings this action against Defendant

Motorola, Inc. (hereinafter, "Motorola"), and alleges as follows:


### I. THE PARTIES

1.      NEC is a corporation organized and existing under the laws of Japan having

its principal place of business at 7-1, Shiba 5-chome, Minato-ku, Tokyo 108-8001, Japan.

2.      Upon information and belief, Motorola is a corporation organized and existing

under the laws of the State of Delaware and Motorola has a regular and established place of business

at 5401 North Beach Street, Fort Worth, Texas 76137-2733, within this judicial district.

## II. JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code, §§ 271 *et seq.* Subject matter jurisdiction is conferred on this Court pursuant to Title 28 United States Code, §§1331 and 1338(a), and §1332(a) insofar as the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between a citizen of a State and a citizen or subject of a foreign state.

4.     Upon information and belief, Motorola is doing business in the State of Texas, in this judicial district and elsewhere

5.     Venue is proper in this Court pursuant to 28 U.S. Code §§1391(b) and (c) and 1400(b).

## III. COUNTS

### A.  Count 1 - - Infringement of U.S. Patent No. 4,786,901

6.     On November 22, 1988, U.S. Patent No. 4,786,901 ("the '901 patent"), entitled "Paging Receiver" was duly and legally issued by the United States Patent and Trademark Office.  (A true and accurate copy of the '901 patent is attached hereto as Exhibit A.)  NEC is the owner of the '901 patent and has the right to enforce the patent against infringers, including the right to collect damages for past infringement.

7.     NEC gave Motorola actual notice of infringement of the '901 patent on or before September 7, 1995.

8.     Motorola has infringed and/or is now infringing one or more claims of the '901 patent by making, using, selling, or offering to sell in the United States, and/or importing into the

United States the claimed subject matter, including the Scriptor LX2™/ADVISOR Pro™,
PageWriter™2000 and PF1500 pager products, without the consent of NEC.

**B.  Count 2 - - Infringement of U.S. Patent No. 4,873,519**

9.      On October 10, 1989, U.S. Patent No. 4,873,519 ("the '519 patent"), entitled
"Paging Receiver Having Independent Memory Areas for Common and Individual Addresses " was
duly and legally issued by the United States Patent and Trademark Office   (A true and accurate copy
of the '519 patent is attached hereto as Exhibit B.)  NEC is the owner of the '519 patent and has the
right to enforce the patent against infringers, including the right to collect damages for past
infringement.

10.     NEC gave Motorola actual notice of infringement of the '519 patent on or
before September 7, 1995

11.     Motorola has infringed and/or is now infringing one or more claims of the '519
patent by making, using, selling, or offering to sell in the United States, and/or importing into the
United States the claimed subject matter, including the Scriptor LX2™/ADVISOR Pro™,
PageWriter™2000 and PF1500 pager products, without the consent of NEC.

**C.  Count 3 - - Infringement of U.S. Patent No. 4,870,403**

12.     On September 26, 1989, U.S. Patent No  4,870,403 ("the '403 patent"),
entitled "Paging Receiver with a Capability of Receiving or Inhibiting Message Data" was duly and
legally issued by the United States Patent and Trademark Office   (A true and accurate copy of the

'403 patent is attached hereto as Exhibit C). NEC is the owner of the '403 patent and has the right to enforce the patent against infringers, including the right to collect damages for past infringement.

13. NEC gave Motorola actual notice of infringement of the '403 patent on or before March 14, 1996.

14. Motorola has infringed and/or is now infringing one or more claims of the '403 patent by making, using, selling, or offering to sell in the United States, and/or importing into the United States the claimed subject matter, including the Scriptor LX2™/ADVISOR Pro™ and Advisor Gold™ pager products, without the consent of NEC.

## D. Allegations Common to All Counts

15. Upon information and belief, Motorola's continued infringement of the '901, '519 and '403 patents (hereinafter, "the patents-in-suit"), after receiving notice of the same, has been willful and deliberate.

16 Motorola's infringement of the exclusive rights of NEC under the patents-in-suit has injured and is injuring NEC and if not stopped will continue to injure NEC.

WHEREFORE, Plaintiff NEC seeks judgment and relief against Defendant Motorola including:

A.      a permanent injunction enjoining Motorola, and its officers, agents, servants, employees and those persons in privity or in active concert or participation with it, from infringing the patents-in-suit.

B.      an award of actual damages together with prejudgment interest, to compensate NEC for the infringement by Motorola of the patent rights of NEC;

C.      an award of trebling of the actual damages found or assessed, because of the willful nature of the infringement by Motorola of the patent rights of NEC;

D.      a declaration that there is an "exceptional" case, at least in view of the willful nature of Motorola's infringement;

E.      an award of costs, expenses and reasonable attorneys fees incurred by NEC, in view of the declaration of an "exceptional" case, and, such other and further relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff NEC demands a trial of its claims by jury.


Dated: September 25, 2001                    **Sidley Austin Brown & Wood**

*V. Bryan Medlock, Jr.*
                                             Attorneys for Plaintiff
                                             NEC Corporation

                                    By:    V. Bryan Medlock, Jr.
                                           Texas Bar No. 13897000
                                           Li Chen
                                           Texas Bar No. 24001142
                                           717 North Harwood St
                                           Suite 3400
                                           Dallas, Texas 75201
                                           Telephone: (214) 981-3300
                                           Fax: (214) 981-3400


Of Counsel:

Peter C. Schechter
Robert R. Laurenzi
DARBY & DARBY, P.C.
805 Third Avenue
New York, New York  10022
Telephone:    (212) 527-7700
Facsimile     (212) 753-6237

- 6 -